IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MURRY KIMMEL, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| NORTHLAND GROUP, INC., ) | COMPLAINT AND DEMAND FOR |
| ) | JURY TRIAL |
| Defendant ) | |
| ) | (Unlawful Debt Collection Practices) |

## COMPLAINT

MURRY KIMMEL ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NORTHLAND GROUP, INC. ("Defendant"):

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Philadelphia, Pennsylvania.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company with its corporate headquarters located at 7831 Glenray Road, Suite 250, in Edina, Minnesota, 55439.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and in its attempts to collect a debt from Plaintiff, Defendant disclosed to a third party that Plaintiff owed a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

### FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning in or around May 2010 and continuing through January 2011, Defendant engaged in debt collection activities in an attempt to collect a consumer debt from Plaintiff.

18. In its attempts to collect a debt from Plaintiff, Defendant placed multiple calls to: (215) XXX-XX29, a residence where Plaintiff does not live but rather where Plaintiff's son's family resides.

19. Plaintiff and his son do not have the same first or middle name, or even the same first or middle initials.

20. Defendant also placed numerous voice mail messages on the answering machine of Plaintiff's son, at (215) XXX-XX29, regarding a debt allegedly owed by Plaintiff.

21. Most recently, on or about January 27, 2011, Defendant called (215) XXX-XX29 and left a voicemail message stating:

> ...569-7149. If this is not Murray Kimmel or we have reached you in error, please call 866-579-0026 to report the wrong phone number. Thank you.
> Hello, this is an important message for Murray Kimmel. This is the Northland Group. We recently sent you a letter regarding a business matter. Please press 1 now to retrieve your

      message or call us back at 888-569-7149.
          If this is not Murray Kimmel or we have reached you in
      error, please call 866-579-0026 to report the wrong phone number.
      Thank you.

See Exhibit A, audio message.

22. Defendant failed to identify itself as a debt collector in its voicemail messages for Plaintiff.

23. Additionally, Defendant deceptively claimed that it had sent him a letter regarding a business matter, when in fact Defendant was attempting to collect a personal debt from Plaintiff, making the statement false.

24. Further, Defendant's voicemail messages were heard by members of his son's family when placed, as the machine operates in "call screening" fashion, allowing the recipient to hear the person leaving the message in real time, when placed.

25. Messages were also heard after they had been recorded, on occasions where the machine indicated a new message.

26. Plaintiff's grandchild and her mother heard the messages.

27. Calls were also received from Defendant originating from telephone number: (888) 569-7149, which the undersigned has confirmed is a phone number for Defendant.

28. Plaintiff does not reside with his son's family, or even in the same county as his son's family.

29. Plaintiff did not consent to allow Defendant to disclose information about the debt to his son's family.

30. Defendant failed to insure that the telephone number being called was Plaintiff's.

31. Upon information and belief, Defendant knew from prior investigation that the telephone number was in fact not Plaintiff's, each time before a call was placed.

32. Upon information and belief, Defendant intentionally called the phone number (215) XXX-XX29, hoping that Plaintiff would be embarrassed by the call to his son's family residence and then contact Defendant to address the matter.

33. Defendant's tactics as referenced above are upon information and belief taught by Defendant to its collectors and incorporated into the procedures utilized by them on a daily basis, as a means to collect debt in violation of the FDPCA.

## CONSTRUCTION OF APPLICABLE LAW

29. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

30. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

31. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the

public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

32. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Defendant violated of the FDCPA generally;

   b. Defendant violated §1692b(2) of the FDCPA by stating to a third person that Plaintiff owed a debt to another person;

   c. Defendant violated §1692b(3) of the FDCPA by communicating with Plaintiff's son's family more than once about a debt alleged to be owed by Plaintiff, without good faith basis to do so;

   d. Defendant violated §1692c(b) of the FDCPA by communicating with Plaintiff's son's family about a debt alleged to be owed by Plaintiff without prior consent;

   e. Defendant violated §1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

   f. Defendant violated §1692f of the FDCPA by using unfair and unconscionable

means with Plaintiff to collect or attempt to collect a debt; and

g. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, MURRAY KIMMEL, respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and,

E. For such other and further relief as may be just and proper.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MURRAY KIMMEL, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 5-20-11

KIMMEL & SILVERMAN, P.C.

By: /s/ Tara Patterson
Tara L. Patterson
Attorney ID # 88343
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 x103
Fax: (877) 788-2864
Email: tpatterson@creditlaw.com